RECEIVED
JUN 20 2008
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Of America, Plaintiff | ) |
| vs. | ) Case No. 01-CR-139 |
| David Ernst Voss Defendant | ) Honorable James M. Rosenbaum |

**Motion Seeking Courts' Authority Under Rule 36 of the F.R. Cr. P.**

**Comes Now,** Defendant David Voss, proceeding pro se at this time respectfully moves this Honorable Court to exercise its authority under Rule 36 to clarify and/or amend the Judgement in this case --- to correct an error in the record arising from an oversight or omission. The Defendant submits the following in support of the urgent time sensitive request:

1. On **January 10, 2002** this Honorable Court signed the Judgement in this case as a result of the Defendants guilty plea to "Retaliation against a federal witness" in violation of 18 U.S.C. §1513(b)(2), to which the Court imposed a sentence of imprisonment of 60 months. The Court further Ordered that the Defendant [shall] be given credit for time served. id. Copy of Judgement is attached hereto as EXHIBIT A . Unfortunately, the **Bureau of Prisons has not followed this Courts' Order.** (emphasis added)

2. Not only will the Bureau of Prisons, not grant the Defendant any credit for time served, they are unlawfully holding him in prison



SCANNED
JUN 20 2008
U.S. DISTRICT COURT ST. PAUL

after the 60 month sentenced has expired,(emphasis added) Surely this court would agree with the Defendant that the "imposition of the 60 month sentence of imprisonment on January 10, 2002 by Order of this Court," **that it would expire no later than January 10, 2007.**

3. Respectfully, by way of the reminder of the details surrounding this case(sentence imposed) the Defendant-the following:

**Relevant Facts**

A. On March 25, 2001 the defendant was arrested by State Officials from Anoka County and charged with, "Aiding and abetting drive by shooting" in case No. 02KX012722. Shortley thereafter the Defendant was also charged with, "Sexual Misconduct" in Case No 02T70119560.

B. While being detained on the above referenced State charges in the Anoka County Jail, (Long before any type of resolution was reached on the State charges) the Defendant assaulted a federal witness, which resulted in the Federal Case at bar. On May 8, 2001 the Defendant was charged with, **"Retaliation against a Federal Witness"** in violation of 18 U.S.C. §1513(b)(2). (Date of Indictment, unknown).

C. On **January 10, 2002** the Defendant plead guilty to the federal charge and this Court imposed a sentence of imprisonment for 60 months which stated, among other things that:

**"THE DEFENDANT IS HEREBY COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS TO BE IMPRISONED FOR A TOTAL TERM OF 60 MONTHS. Defendant shall be given credit for time served."**

Id. EXHIBIT A (see p.2)

D. Respectfully, pursuant to the Defendants' best recollection of of this Courts' advisement during the course of the sentencing hearing in this case, the Court clearly stated:

**"I'm starting the Defendants sentence from the time of the filing of the indictment in this case."** (paraphrase)

In light of the Defendants recollection, he respectfully requests the Court to review the sentencing transcript in this case for confirmation of this essential fact.

E. Notwithstanding this Courts' clear directive of January 10, 2002 **"The defendant is hereby committed to the [custody] of the United States Bureau of Prisons. . .** The Defendant was transported back to the Anoka County Jail (also a Federal Detention Center) where he remained.

F. **On March 29, 2002 the Defendant then proceeded to resolve the [outstanding] State charges** (see No. 3,(A) supra) by means of a guilty plea, whereas the Court held a change of plea and sentencing hearing and ultimately imposed a sentence of 62 months for both charges. Said sentence was to run concurrent to the Federal Sentence imposed by this Court on 1/10/02. The Defendant was thereafter transferred to the State Penitentiary and **ultimately paroled** on November 2, 2004 into the custody of the United States Bureau of Prisons where he remains in custody to this day. See Sentence Monitoring Computation Data Sheet, at **REMARKS** (Paroled from MN. D.O.C. 11-02-2004 TO FEDERAL DETAINER), copy attached hereto as **EXHIBIT B**

G. The Bureau of Prisons Computation Data Sheet also discloses that

they are in fact, **starting the 60 month Federal Sentence on November 2, 2004** and **intend to hold until November 1, 2009.** Please see **Date Computation Began 11-02-04**; see also **Expiration Full Term Date 11-01-09**; and **Total Prior Credit time =0** Id. EXHIBIT B

## Conclusion

Accordingly, this Honorable Court imposed a sentence of imprisonment for 60 months on January 10, 2002 and stated that **the defendant [shall] be given credit for time served,** (Id. Exhibit A) which, to the best of the Defendants' recollection, was [clarified] by this Court during the actual sentencing hearing **to start from the "Date of the Indictment For This Case."** Moreover, when this Court imposed the 60 month sentence on 11/10/02 there was no other sentence of imprisionment imposed. The (then) pending State charges were not resolved [until] March 29, 2002. Respectively, this Court did not have the intention that the sentence imposed in this case be run [consecutive] to the State sentence that had yet to be imposed (emphasis added).

However, the Bureau of Prisons [are treating] this Courts' Order as merely a **recommendation** in regards to the "**date that it was imposed**" and **"credit for time served."**

**Rule 36** of the Federal Rules of Criminal Procedure permits a court to correct a clerical error **"at any time."** That same **Rule** allows a Court to "**correct an error in the record arising from oversight or omission."** Fed.R.Crim.P.36. In this regard, the

unintentional omission of the [clarification] by this Court regarding the **"credit for time served" to begin from the date of the indictment,** has, up to this point in time, allowed the Bureau of Prisons to disregard the clear Order of this Court, "the defendant [shall] be given credit for time served" ---- and ---- allowed the B.O.P. to improperly, and actually impose the "Sentence of This Court" to run CONSECUTIVE to a State sentence, which at the time the Court imposed this sentence, was an illusion, i.e., having yet to be imposed, the case not yet resolved.

It goes without question, that the State did in fact run their sentence concurrent to the [previously imposed] Federal Sentence of this Court. The State paroled the defendant on November 2, 2004 into the custody of the Federal Bureau of Prisons, (after serving 43 months of total imprisonment) so he could complete the REMAINDER of the the 60 month sentence imposed by this Court on January 10, 2002. The Order of this Court was not simply a recommendation for the B.O.P., but was a Federal Court Order, i.e, The Judgement In This Criminal Case.

**Wherefore,** Defendant prays that this Honorable Court will exercise its authority under Rule 36 to make it clear that crediting Mr. Voss for time served from the date of his indictment through his sentencing, and to impose a 60 month sentence of imprisonment that would expire at the completion of said 60 months, less credit for time served. An Amended Judgement, with this clarification will more accurately reflect the true intentions of the Court

at the time of sentencing. And, prevent the B.O.P. from acting in the capacity as the presiding Judge over this case.

**Respectfully Submitted,**

______________________

David Ernst Voss

Defendant, Pro Se

Dated: June 16, 2008