RECEIVED
JUL 28 2008

**In The United States District Court**

**For The District Of Minnesota**

| | |
|---|---|
| United States of America<br>Plaintiff<br><br>vs.<br><br>David Ernst Voss<br>Defendant | Case No. 01-CR-139 |

**AMENDMENT TO,**

Motion Seeking Court's Authority Under Rule 36 of the F.R.Cr.P.

**1.** On June 20, 2008 the Defendant filed the above referenced Motion and has recently obtained additional information which this Court should consider when assessing this matter and making a final decision.

**2.** On July 8, 2008 Defendant's family assisted in obtaining a copy of the Sentencing Transcript of 1/10/02.

**3.** After carefully reviewing the transcript, there are a few points of interest that should be brought to the Court's attention In relevant part:

**A:** The government's attorney, Mr. Paulsen and this Court have a detailed discussion regarding the Defendant's (then) pending State Charges, ID. at p. 74-76. This dialog unambiguously reveals that this Court had no intention that this federal sentence be run consective to the (then) pending State Charges.

**B:** The Court even/discussed "**sentencing the Defendant after he's done with his state offenses,** but it's not my job, and I can't cont

SCANNED
JUL 28 2008
U.S. DISTRICT COURT ST. PAUL

how state judges and state prosecutors choose to impose their penalties," Id. p.75

The prosecutor responds by advising that this would give the defendant more criminal history points and "I'm not urging you to do that". Id.p.75

**C:** The Court discussed the possibility to sentencing the defendant to a concurrent sentence to the unimposed state sentence. To which the prosecution stated that was not possible. Id.p.75

**Conclusion**

Respectfully, the dialog reveals that this Court specifically **declined** to make this sentence **consective** to the unimposed state charges. By and through, declining to postpone the federal sentencing until the resolution of the(then) pending state charges, and by intentions/statements of this court.

The Court departed from the Guideline sentence and imposed a shorter sentence, in part based upon this court's belief that 10 years was too severe of a penalty for the particular facts of this case. The Court took all of these factors into consideration pursuant to 18 U.S.C. §3582(a) and imposed a 60 month term of imprisonment with an attendant 3 years supervised release pursuant to 3583(a).

The defendant was later sentenced by the State to 62 months, to which he served to November 2, 2004. Serving a total 37 Months- and - **paroled to serve the remainder of his 60 month federal sentence.**

Therefore, in light of this Court's considerations and advisements at the sentencing haering, the defendant has an additional 23 months to serve to satisfy the 60 month sentence of imprisonment this Court intended that he serve to pay for the federal crime.

However, as discuseed within his Rule 36 Motion, **the B.O.P. has taken it upon themselves to impose this federal sentence consecutive to the state charges,** Which is rewriting the Judgement in this case, changing the sentence imposed by this Court from 60 months, to 8 years 7 months. Extending by an additional 90%. Something that this Court clearly did not intend to do.

Wherefore, the defendant urges this Court to draft an amended Judgement which discloses the Court's intentions that are documented within the sentencing transcripts.

Respectfully Submitted,

David E. Voss
Dated: July 21, 2008

Certificate of Service

I hereby certify I have served a true and correct copy of this Amendment to Defendants Rule 36 Motion on Jeffrey Paulsen A.U.S.A. at 600 U.S. Courthouse 300 South Fourth St. Minneapolis, Mn 55414 by placing same in a postage prepaid envelope and utilizing the Prison Legal Mail on this 21 day of July 2008

Signed: